UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA MARQUARDT | CIVIL ACTION |
| VERSUS | NO. 25-331 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION "T" (3) |

## ORDER AND REASONS

Before the Court is Plaintiff Tina Marquardt's Motion for Leave to File First Amended Complaint.[1] Defendants oppose the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion.

This lawsuit "arises from yet another challenge to New Orleans's short-term-rental permitting regime . . . ." *See Marquardt v. City of New Orleans*, No. 24-30802, 2026 WL 74503, at *1 (5th Cir. Jan. 9, 2026) (considering a related matter[3]). With respect to a related case, the Fifth Circuit previously affirmed the District Court's ruling cabining Marquardt's Takings Clause claim. *See id.* That Fifth Circuit opinion includes a footnote stating:

---

[1] R. Doc. 32.

[2] R. Doc. 34.

[3] In this case, Marquardt seeks reinstatement of her short-term rental permit via "special exception;" in the case appealed to the Fifth Circuit, Marquardt seeks reinstatement based on a different cause of action. R. Doc. 26 at 2 (joint motion to stay). The undersigned uses the word "related" in this opinion in its colloquial sense. The undersigned is not suggesting that these matters are related in the sense contemplated by the Local Rules.

[3] R. Doc. 24 at 2.

> Our holding is narrow. Marquardt identifies no authority answering whether Louisiana law recognizes a property right to a nonconforming use that is independently enforceable under the Takings Clause, and neither party asks us to certify that question to the Louisiana Supreme Court. This case might look different, for example, if Marquardt's STR use pre-dated any STR licensing scheme, or if the licensing scheme she invokes were mandatory rather than discretionary.

*Marquardt v. City of New Orleans*, No. 24-30802, 2026 WL 950123, at *1 n.2 (5th Cir. Apr. 8, 2026).

The District Court's  May 7, 2025 Scheduling Order set the deadline to amend pleadings in this case as June 6, 2025.[4] On June 26, 2025, the parties filed a Joint Motion to Extend Deadlines and Stay Proceedings.[5]  Their joint motion requested that "all pre-trial deadlines" be "extended and stayed."[6] The Court granted the motion, administratively closed this matter, and stayed all pre-trial deadlines pending resolution of the Fifth Circuit's decision in *Marquardt*.[7] On July 10, 2026, the Court reopened this case and lifted the stay.[8] Although no new deadline has been set for the amendment of pleadings, the parties appear to agree that the motion is timely based on the stay order.[9]

Marquardt seeks leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[10] The proposed amendment includes additional

---

[4] R. Doc. 24 at 2.

[5] R. Doc. 26.

[6] *Id.* at 1.

[7] R. Doc. 27.

[8] R. Doc. 30.

[9] Even if subject to Rule 16, which applies to requests for amendment that come after the relevant deadline has expired, the motion would be granted for reasons that overlap with those discussed below.

[10] R. Doc. 32.

allegations as to, e.g., Marquardt's "vested property rights" and "issues identified by the 5th Circuit."[11]

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Under Rule 15(a)(2), if more than 21 days have passed after service of a 12(b) motion and no scheduling order has been entered, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004). Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie,* 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003)). Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed,

---

[11] R. Doc. 32-1 at 2–3.

undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller*, 342 F.3d at 566. Denial of leave to amend is reviewed for abuse of discretion. *Mayeaux*, 376 F.3d at 425. "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

The Rule 15 factors counsel in favor of allowing amendment. This is Marquardt's first request to amend her complaint.[12] Moreover, this matter remained stayed pending related appellate proceedings, and Marquardt sought leave shortly after the case was reopened.[13] Discovery has not commenced. Although amendment frequently prejudices defendants by expanding the claims or allegations, Defendants have not identified a sufficiently specific concrete and particularized prejudice that would result from allowing amendment at this stage.[14]

Defendants primarily argue that amendment would be futile because Marquardt erroneously relies on the footnote quoted above "as if it were a holding of the opinion, rather than *dicta*."[15] Defendants further maintain that Marquardt's attempt is futile because she does not plead the alternative facts contemplated by the footnote.[16]

---

[12] R. Doc. 32-1 at 3.

[13] R. Docs. 27, 30, 32.

[14] R. Doc. 32 at 3.

[15] R. Doc. 34 at 4.

[16] *Id.*

According to Defendants, the proposed amendment is foreclosed by *"Hignell-Stark v. City of New Orleans*, 46 F.4th 317 (5th Cir. 2022) , *Hignell-Stark v. City of New Orleans,* 154 F. 4th 345 (5th Cir. 2025) and *Bodin v. City of New Orleans*, 804 F. Supp. 3d 669 (E.D. La. 2025)."[17]

Defendants' submission essentially argues that the proposed amendments could not survive a Rule 12(b)(6) motion such that amendment is futile under Rule 15. Their five-page submission, however, does not describe the prior nor proposed new claims, much less explain how the jurisprudence described above forecloses them. This submission is not an adequate substitute for a fully briefed Rule 12 motion. Perhaps Defendants are correct that the proposed amendment is futile. Perhaps they are not. Given the minimal briefing devoted to these significant issues, however, the better exercise of the Court's discretion is to allow amendment so that these issues may be resolved on a more fully developed record.

Accordingly,

**IT IS ORDERED** that Marquardt's Motion for Leave to File First Amended Complaint (R. Doc. 32) is **GRANTED** and the proposed pleading (R. Doc. 32-3) be filed in the record.

New Orleans, Louisiana, this 4th day of August, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[17] *Id.* at 5.